IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AUSTIN BROWN AND KAYLYNN BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF K.B., A MINOR<br><br>   Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.; MARRIOTT HOTEL SERVICES, INC.; RYMAN HOSPITALITY PROPERTIES, INC.; OPRYLAND HOSPITALITY, LLC; RHP PROPERTY GT, LP; RHP OPERATIONS GT, LLC; AND CHARLES PACIONI<br><br>   Defendants. | CIVIL ACTION NO. 4:22-CV-00717 |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332 and 1441, defendants, Marriott International, Inc.; Marriott Hotel Services, Inc.; Ryman Hospitality Properties, Inc.; Opryland Hospitality, LLC; RHP Property GT, LP; RHP Operations GT, LLC; and Charles Pacioni ("defendants") hereby give Notice of Removal of this civil action from the 153rd Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas (Fort Worth Division) pursuant to 28 U.S.C. §§ 1441 and 1332. In support thereof, defendants state as follows:

### I.   INTRODUCTION

Pursuant to 28 U.S.C. §§ 1441 et seq., this civil action is removed from the 153rd Judicial District Court of Tarrant County, Texas, where this matter is pending under Cause No. 153-334663-22; *Austin Brown and Kaylynn Brown, Individually and as Next Friend [sic] of K.B., A Minor vs. Marriott International, Inc., et al*. (the "State Court Action").

## II.   NATURE OF THE SUIT

This is a lawsuit alleging personal injury from a chair collapsing at the Gaylord Texan Resort and Convention Center. *See* Plaintiffs' Original Petition [Dkt. 1-3] at ¶¶ 17-25. Plaintiffs allege that on July 24, 2020, the chair minor child, K.B., was sitting in. collapsed, causing injuries. *Id*. at ¶ 17. Plaintiffs, individually, and as next friends of K.B., brought negligence and gross negligence claims against Marriott International, Inc.; Marriott Hotel Services, Inc.; Ryman Hospitality Properties, Inc.; Opryland Hospitality, LLC; RHP Property GT, LP; and RHP Operations GT, LLC in the 153rd Judicial District Court of Tarrant County, Texas. *Id*. at ¶¶ 26-32.

Plaintiffs also brought negligence and gross negligence claims against Charles Pacioni, a Marriott Hotel Services employee and the General Manager of the Gaylord Texan Resort & Convention Center. See Ex. A, Declaration of C. Pacioni [Dkt. 1-2] at ¶ 2. Mr. Pacioni is a Texas citizen. Plaintiffs' Original Petition [Dkt. 1-3] at ¶ 10.

## III.   TIMELINESS OF REMOVAL

Plaintiffs commenced this lawsuit by filing their Original Petition on July 14, 2022.

a. Defendant, Charles Pacioni, was served at his home on July 19, 2022 [Dkt. 1-14];

b. Defendant, Marriott Hotel Services, Inc., was served on July 19, 2022 through its registered agent, CT Corporation [Dkt. 1-16];

c. Defendant, Marriott International, Inc., was served on July 19, 2022 through its registered agent, CT Corporation [Dkt. 1-17];

d. Defendant, Opryland Hospitality, LLC, was served on July 19, 2022 through its registered agent, CSC-Lawyers Incorporating Service [Dkt. 1-18];

    e.  Defendant, RHP Operations GT, LLC, was served on July 19, 2022 through its registered agent, CSC-Lawyers Incorporating Service [Dkt. 1-19];

    f.  Defendant, RHP Property GT, LP, was served on July 19, 2022 through its registered agent, CSC-Lawyers Incorporating Service [Dkt. 1-20]; anf

    g.  Defendant, Ryman Hospitality Properties, Inc., was served on July 19, 2022 through the Texas Secretary of State [Dkt. 1-21].

This removal is timely because it is filed less than 30 days after defendants were served. 28 U.S.C. § 1446.

## IV.   BASIS FOR REMOVAL JURISDICTION

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). The claims are pled based upon Texas law. Diversity jurisdiction exists because defendant Charles Pacioni, a citizen of Texas, has been improperly joined or is a nominal party.

## V.   DIVERSITY JURISDICTION

Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(b) because this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the real parties in interest. Plaintiffs Austin Brown and Kaylynn Brown are not citizens of the same states as defendants Marriott International, Inc.; Marriott Hotel Services, Inc. (hereafter "Marriott Defendants"); Ryman Hospitality Properties, Inc.; Opryland Hospitality, LLC; RHP Property GT, LP and RHP Operations GT, LLC (hereafter "Ryman Defendants"). Although Employee Defendant, Charles Pacioni is a citizen of the same

state as plaintiffs, Pacioni's citizenship should be disregarded because he is improperly joined in the State Court Action.

### A.     The Amount In Controversy Requirement is Satisfied.

In order to determine whether jurisdiction is present in a removed action, the claims set forth in the State Court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht*, U.S. 381, 391 (1998). The amount in controversy "demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446 (c)(2).

Texas law does not require plaintiffs to demand a specific monetary amount. Rather, plaintiffs must set forth a claim for relief falling within one of five prescribed categories of monetary relief. *See* TEX. R. CIV. P. 47. Therefore, where the petition does not include a specific monetary demand, the removing party must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). This requirement is met if: (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the case at bar, it is apparent from the face of Plaintiffs' Original Petition that the amount in controversy exceeds $75,000.00. Plaintiffs' Rule 47 disclosure of monetary relief affirmatively pleads they are seeking monetary relief in excess of $1,000,000. *See* Ex. B [Dkt. 1-3] at ¶ 11. Furthermore, the nature of plaintiffs' alleged injuries makes it apparent from the face of the Petition that plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs. *Id.* at ¶¶ 18, 25. Therefore, plaintiffs' Original Petition makes it apparent that the amount in controversy exceeds the statutory minimum. *See Thelander v. Equifax Info. Servs., LLC*, No. 3:14-CV-02650-

P at *8 (N.D. Tex. Dec. 18, 2014). Because the amount in controversy exceeds $75,000.00, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**B.     Plaintiffs, the Marriott Defendants. and the Ryman Defendants are Completely Diverse.**

The citizenship status of the real parties in interest is completely diverse.

**1.  Plaintiffs, Austin Brown and Kaylynn Brown, Are Citizens of Texas.**

Plaintiffs Austin Brown and Kaylynn Brown are natural persons, so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).

"Evidence of a person's place of residence" serves as "prima facie proof of his domicile," *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) (citing *Preston I*, 485 F.3d at 799). However,

> [i]n determining a party's domicile, the Court must address a variety of factors including the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Dulfer v. Seton Healthcare, Inc.*, No. A-11-CV-911-LY, 2012 U.S. Dist. LEXIS 176581 *5, 2012 WL 6212833, at *2 (W.D. Tex. Dec. 13, 2012) and *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)).

Defendants state and allege herein that plaintiffs Austin Brown and Kaylynn Brown are residents, citizens, and domiciliaries of the State of Texas. Plaintiffs' Original Petition alleges plaintiffs Austin Brown and Kaylynn Brown are citizens of Texas. *See* Ex. B [Dkt. 1-3] at ¶¶ 2, 3. Further, following a diligent search of public records, defendants additionally state that

plaintiffs Austin Brown and Kaylynn Brown, jointly own real property, pay taxes, and maintain a home in the State of Texas. Further, both Austin Brown and Kaylynn Brown maintain Texas driver's licenses and own vehicles registered with the Texas Department of Motor Vehicles. Finally, defendants are not aware of any residency, citizenship, or domiciliary by plaintiffs in either Maryland, Delaware, or Tennessee. Because plaintiffs reside in Texas, plaintiffs are a citizens of Texas for diversity purposes.

### 2. Marriott International, Inc. is a Citizen of Delaware and Maryland.

Plaintiffs allege at Paragraph 4 the "Defendant Marriott International, Inc. ("Marriott"), is a corporation registered to conduct business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis." Ex. B [Dkt. 1-3] at ¶ 4. However, for the purposes of diversity jurisdiction, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated and (2) the U.S. state or foreign state where it has it principal place of business. 28 U.S.C. § 1332 (c)(1). Defendant Marriott International, Inc. alleges herein, at the time this action was commenced, Marriott International, Inc. was, and still is, a corporation formed in the State of Delaware with its principal place of business located in Bethesda, Maryland. Accordingly, Marriott International, Inc. is a citizen of Delaware and Maryland for the purposes of evaluating diversity.

### 3. Marriott Hotel Services, Inc. is a Citizen of Delaware and Maryland.

Defendant Marriott Hotel Services, Inc. alleges herein, at the time this action was commenced, Marriott Hotel Services, Inc. was, and still is, a corporation formed in the State of Delaware with its principal place of business located in Bethesda, Maryland. Accordingly, Marriott Hotel Services, Inc. is a citizen of Delaware and Maryland for the purposes of evaluating diversity.

**4. Ryman Hospitality Properties, Inc is a Citizen of Delaware and Tennessee.**

Defendant Ryman Hospitality Properties, Inc. alleges herein, at the time this action was commenced, Ryman Hospitality Properties, Inc. was, and still is, a corporation formed in the State of Delaware with its principal place of business located in Nashville, Tennessee. Accordingly, Ryman Hospitality Properties, Inc. is a citizen of Delaware and Tennessee for the purposes of evaluating diversity.

**5. Opryland Hospitality, LLC is a Citizen of Delaware and Tennessee.**

Plaintiff alleges in Paragraph 7 of their Original Petition that Opryland Hospitality, LLC is a "limited liability company registered to conduct business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis." Ex. B [Dkt. 1-3] at ¶ 7. The citizenship of a limited liability company is determined by the citizenship of each member of the entity. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Further, when one of the LLC's members is an artificial entity comprised of additional entities, the appropriate test for citizenship involves "tracing their citizenships down the various organizational layers where necessary. . . ." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006). As demonstrated below, Opryland Hospitality, LLC is a citizen of Delaware and Tennessee:

(1) The sole member of Opryland Hospitality, LLC is RHP Hotels, LLC, a limited liability company.

(2) The sole member of RHP Hotels, LLC is RHP Hotel Properties, LP, a limited partnership.

(3) RHP Hotel Properties, LP is comprised of two partners: general partner, RHP Partner, LLC, a limited liability company, and limited partner, Ryman Hospitality Properties, Inc., a corporation.

(4) The sole member of RHP Partner, LLC is Ryman Hospitality Properties, Inc.

(5) Ryman Hospitality Properties, Inc. is a Delaware corporation with is principal place of business in the State of Tennessee.

Accordingly, Opryland Hospitality, LLC is a citizen of Delaware and Tennessee.

**6. RHP Property GT, LP is a Citizen of Delaware and Tennessee.**

For the purposes of federal diversity jurisdiction, the partnership itself is considered a citizen of every state in which a general or limited partner is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 195-96, 110 S. Ct. 1015, 1021, L. Ed.2d 157 (1990); *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994). As demonstrated below, RHP Property GT, LP is a citizen of Delaware and Tennessee:

(1) RHP Properties GT, LP is comprised of two partners, Opryland Hospitality, LLC, general partner, and RHP Property GT, LLC. As discussed in Paragraph 19 *supra*, Opryland Hospitality LLC is a citizen of Delaware and Tennessee.

(2) The sole member of RHP Property GT, LLC is RHP Hotels, LLC, a limited liability company.

(3) The sole member of RHP Hotels, LLC is RHP Hotel Properties, LP, a limited partnership.

(4) RHP Hotel Properties, LP is comprised of two partners: general partner, RHP Partner, LLC, a limited liability company, and limited partner, Ryman Hospitality Properties, Inc., a corporation.

(5) The sole member of RHP Partner, LLC is Ryman Hospitality Properties, Inc.

(6) Ryman Hospitality Properties, Inc. is a Delaware corporation with is principal place of business in the State of Tennessee.

Accordingly, RHP Property GT, LP is a citizen of Delaware and Tennessee.

### 7. RHP Operations GT, LLC is a Citizen of Delaware and Tennessee.

As demonstrated below, RHP Operations GT, LLC is a citizen of Delaware and Tennessee:

(1) The sole member of RHP Operations GT, LLC is Ryman Hotel Operations HoldCo, LLC.

(2) The sole member of Ryman Hotel Operations HoldCo, LLC is RHP Hotels, LLC.

(3) The sole member of RHP Hotels, LLC is RHP Hotel Properties, LP, a limited partnership.

(4) RHP Hotel Properties, LP is comprised of two partners: general partner, RHP Partner, LLC, a limited liability company, and limited partner, Ryman Hospitality Properties, Inc., a corporation.

(5) The sole member of RHP Partner, LLC is Ryman Hospitality Properties, Inc.

(6) Ryman Hospitality Properties, Inc. is a Delaware corporation with is principal place of business in the State of Tennessee.

Accordingly, RHP Operations GT, LLC is a citizen of Delaware and Tennessee.

## VI.    IMPROPER JOINDER

Plaintiffs' claims against Charles Pacioni, a citizen of Texas, are improper and Pacioni was only sued in an attempt to defeat diversity jurisdiction of this Court. Plaintiffs have no viable claim against Charles Pacioni under Texas law and therefore, the Court should disregard Pacioni as a non-diverse defendant.

A.     **Standard of Review**

The improper joinder of a defendant who is a citizen of the forum state or to defeat diversity cannot prevent removal. *See Illinois C. R. Co. v. Sheegog*, 215 U.S. 308, 316, 30 S. Ct. 101, 54 L. Ed. 208 (1909); *see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The removing party bears the burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(citing *Travis*, 326 F.3d at 646-47). Under the later method, the Court determines whether the plaintiff has "*any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, there is no [improper] joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002))(emphasis original)(quotations omitted).

Generally, a district court engages in "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."*Ticer v. Imerium Inc. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021). But in cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. Such an inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74.

In *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, the Fifth Circuit addressed whether the state or federal pleadings standard applies to the issue of improper joinder holding that a federal court must apply the federal pleading standard used for addressing a motion under Federal Rule of Civil Procedure 12(b)(6). 818 F.3d 193, 208 (5th Cir. 2016). Moreover, a district court may look to evidence outside the pleadings in determining a fraudulent joinder claim. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

**B. Texas Law Concerning Individual Liability for Employee Managers Performing Duties in the Scope of Employment.**

Texas recognizes two types of premises liability cases: negligent activity cases and premises defect cases. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992). In a negligent activity case, the injury must occur "as a contemporaneous result of [an] activity itself, rather than by a condition created by [an] activity." *Id.* When the injury occurs as a result of a premises condition, rather than as a contemporaneous result of an activity, the appropriate jury submission is based on premises defect. *Id.*

In the case at bar, all of plaintiffs' claims center on the allegation there was a chair that was unsafe, and that the condition of the chair was the proximate cause of plaintiffs' injuries. Plaintiffs globally plead that "defendants" failed to inspect, maintain, repair, or warn guests about the alleged condition of the chair. In a premises condition case, the duty to exercise reasonable care to reduce or eliminate an unreasonable risk of harm belongs solely to the possessor who owns, occupies or controls the premises. *See Wilson v. Texas Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999). Absent an independent duty of care, Texas has never imposed a similar duty on employees that it places on the owner or occupier.

"[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Tri v. J.T.T.*, 162 S.W.3d 552,

562 (Tex. 2005) (quoting *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). An example of such an independent duty is an agent's "duty of reasonable care to the general public" when operating a vehicle in the course of his employment. *Leitch*, 935 S.W.2d at 117. When an agent simply carries out a duty that the employer owes, however, he cannot be individually liable for breaching that duty. *See id.* at 118. This is because "[c]orporations can . . . only act through individuals." *Tri*, 162 S.W.3d at 562. Although *Leitch* was a case arising in the employer-employee context, the Texas Supreme Court has extended its holding to encompass negligence and premises liability cases. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Therefore, plaintiffs can only recover from Pacioni if he owed a duty of care independent of the duty Marriott Hotel Services, his employer, owed to plaintiffs.

Courts in the Northern District of Texas have routinely held removal is proper where an employee is sued, solely by virtue of the employee's position as a manager or supervisor, finding in the absence of an independent duty of care, the employee owed no duty. *See Guerrero v. Frankel Family Trust*, No. 3:21-cv-2273-L; 2022 U.S. Dist. LEXIS 101253, 2022 WL 2053178 at *9, 10 (N.D. Tex., June 7, 2022) (denying motion to remand, finding employee defendants owed no independent duty of care and were improperly joined); *Varela v. Home Depot U.S.A., Inc.*, No. 4:18-cv-00953-A, 2019 U.S. Dist. LEXIS 34366 *5-6, 2019 WL 1041335 (N.D. Tex. March 4, 2019) (denying remand, finding plaintiff failed to state a plausible claim for relief against store manager and dismissing claims against manager); *Fulford v. Lowes Home Ctrs.*, No. 5:18-cv-00152-C, 2018 U.S. Dist. LEXIS 245082 *5 (N.D. Tex. Sept. 25, 2018)(denying remand, finding no authority to pinpoint independent duty on employee defendant who was improperly joinded); *Fugitt v. Walmart Stores, Inc.*, No. 3:15-cv-02145-B; 2015 U.S. Dist. LEXIS 156884 *11 (N.D. Tex. Nov. 19, 2015)(finding employee store manager did not owe an independent duty of care and

denying remand); *Stange-Schmidt v. Home Depot U.S.A.*, No. 4:11-cv-0023-A, 2011 U.S. Dist. LEXIS 171941 *4 (N.D. Tex. Apr. 26, 2011) (finding store manager did not owe invitee an independent duty of care, *sua sponte* dismissing claims against store manager, and denying remand); *Lindsey v. Walmart Sores, Inc.*, No. 3:10-cv-01587-L, 2010 U.S. Dist. LEXIS 126134 *21-22, 2010 WL 4860789 (N.D. Tex. Nov. 20, 2010) (finding store manager was improperly joined and denying remand "[t]he duties that Plaintiff contends were breached were those of Wal-Mart, and any breach by [the employee] would constitute breach by Wal-Mart acting through its agent or employee"); *McCarty v. Hillstone Rest. Grp.*, No. 3:15-CV-518-L, 2015 WL 4920013, at *4 (N.D. Tex. Aug. 18, 2015) (same); *Peters v. Corona*, No. 3:18-CV-1918-B, 2018 WL 6019809, at *2 (N.D. Tex. Nov. 16, 2018) (same).

Charles Pacioni does not, and did not, at the time of the alleged incident, own, occupy or lease the Gaylord Texan Resort & Convention Center. Ex. A, Declaration of C. Pacioni [Dkt. 1-2] at ¶ 5. Charles Pacioni, in his role as General Manager for the Gaylord Texan, does not personally employ any of the individuals who work at the Gaylord Texan. *Id*. Mr. Pacioni did not select the chairs and furniture for use in the hotel lobby seating area and does not personally clean, inspect, maintain or repair chairs and furniture in the hotel's lobby area. *Id*. at ¶4. Mr. Pacioni was not directing or supervising any of the employees in the area where plaintiffs claim K.B. was injured. *Id.* Mr. Pacioni does not know how the chair was positioned at the time of the incident or what caused the legs of the chair to allegedly collapse. *Id*. In fact, Charles Pacioni was not even present on the hotel premises at the time the incident occurred. *Id*. at ¶ 3.

Plaintiffs' Original Petition pleads no fact or allegation that would create a plausible claim for relief against Charles Pacioni. Because Charles Pacioni owes plaintiffs no independent duty of reasonable care, his joinder in this action is improper. As such, this Court should dismiss and/or

disregard Pacioni as a party to this lawsuit and retain jurisdiction in this matter based on the diversity of plaintiffs and the Marriott and Ryman defendants.

### VII. ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED.

This Notice of Removal is filed within 30 days of defendants' receipt and service of Plaintiffs' Original Petition.

The State Court Action was filed in Tarrant County, Texas. Accordingly, this action is properly removed to the United States District Court for the Northern District of Texas, Fort Worth Division, which is "the district and division embracing the place where [the state court] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 124(a)(2) (listing the counties within the Fort Worth Division of the Northern District of Texas).

Title 28 U.S.C. § 1446(a) and Local Rule 81.1 require a copy of all process, pleadings, and orders served upon the removing defendant in the State Court Action (Cause No.153-334663-22) to be included with this Notice of Removal. *See* Dkt. 1-7 through 1-34.  Defendants have obtained from the Tarrant County District Court Clerk the following papers and have attached them as exhibits hereto:

A.  Index of all documents filed in the State Court Action [Dkt. 1-1].

B.  Docket Sheet in the State Court Action [Dkt. 1-6].

C.  Copies of all process, pleadings and orders filed in State Court [Dkts. 1-7 through 1-34].

D.  Defendants are filing with this Notice of Removal a completed Civil Cover Sheet [Dkt. 1-4], a Supplemental Civil Cover Sheet [Dkt. 1-5], and separate Signed Disclosure Statements and Certificates of Interested Persons.

E. Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, together with this Notice of Removal and all exhibits attached hereto, will be served on counsel for plaintiff and will be filed with the Tarrant County District Clerk.

F. The filing fee has been paid to the United States District Court Clerk.

G. This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiffs' Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.  By filing this Notice of Removal, defendants do not waive, and specifically reserve the right to assert any defenses and/or objections, which defendants may be qualified to assert.  Defendants reserve the right to amend or supplement this Notice of Removal or otherwise should plaintiffs challenge the allegations in a motion to remand or other filing.. Defendants retain the right to supplement the jurisdictional allegations by affidavit, declaration.

H. Defendants further reserve the right to answer or present other defenses or objections afforded under the Federal Rules of Civil Procedure within seven (7) days pursuant to FED. R. CIV. P. 81(c)(2)(C).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, pursuant to and in conformance with the statutory requirements, defendants Marriott International, Inc.; Marriott Hotel Services, Inc.; Ryman Hospitality Properties, Inc.; Opryland Hospitality, LLC; RHP Property GT, LP; RHP Operations GT, LLC; and Charles Pacioni remove this action from the 153rd Judicial District Court f Tarrant County, Texas.  Defendants further pray that this Honorable Court sustain removal of this action and for all other relief to which defendants may be justly entitled.

Respectfully submitted,

**MONTEJANO LAW FIRM, PLLC**

By: _____
JACQUELINE MONTEJANO
State Bar No. 24027402
Jackie@MontejanoLaw.com
2626 McKinney Ave. Suite 300
Dallas, Texas 75204
214-919-7791 (direct)
877-545-8990 (main)
877-545-8989 (fax)

**ATTORNEY FOR DEFENDANTS
MARRIOTT INTERNATIONAL, INC.;
MARRIOTT HOTEL SERVICES, INC.;
RYMAN HOSPITALITY PROPERTIES, INC.;
OPRYLAND HOSPITALITY, LLC;
RHP PROPERTY GT, LP;
RHP OPERATIONS GT, LLC; AND
CHARLES PACIONI**

**CERTIFICATE OF SERVICE**

On August 17, 2022, the foregoing document was electronically submitted with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

 *s/ Jacqueline Montejano*
Jacqueline Montejano