# Exhibit B

FILED
TARRANT COUNTY
7/14/2022 5:57 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 153-334663-22 _____

| | | |
|---|---|---|
| **AUSTIN BROWN AND KAYLYNN BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF K.B., A MINOR,** | § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **v.** | § § § | |
| **MARRIOTT INTERNATIONAL, INC., MARRIOTT HOTEL SERVICES, INC., RMYAN HOSPITALITY PROPERTIES, INC., OPRYLAND HOSPITALITY, LLC, RHP PROPERTY GT, LP, RHP OPERATIONS GT, LLC, AND CHARLES PACIONI** | § § § § § § § § § § § | **TARRANT COUNTY, TEXAS**  _____ **JUDICIAL DISTRICT** |
| **Defendants.** | § | |

## <u>PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Austin Brown ("Austin") and Kaylynn Brown ("Kaylynn" (together, "Plaintiffs"), individually and as next friend of K. B. ("KB"), a minor, file this Original Petition and Jury Demand complaining of Defendants Marriott International, Inc. ("Marriott"), Marriott Hotel Services, Inc. ("Marriott HS"), Ryman Hospitality Properties, Inc. ("Ryman"), Opryland Hospitality, LLC ("Opryland Hospitality"), RHP Property GT, LP ("RHP Property"), RHP Operations GT, LLC ("RHP Operations"), and Charles Pacioni ("Pacioni") (together, "Defendants") and respectfully shows the Court as follows:

### <u>DISCOVERY CONTROL PLAN</u>

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs intend to proceed with discovery under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

## PARTIES

2.       Plaintiff Austin Brown ("Austin") is a natural person and a citizen of Texas. The last three digits of his driver's license are 914 and the last three digits of his social security number are 649. He brings this case in his individual capacity and as Next Friend of K.B. ("KB"), a minor. Austin is KB's father.

3.       Plaintiff Kaylynn Brown ("Kaylynn") is a natural person and a citizen of Texas. The last three digits of her driver's license are 023 and the last three digits of her social security number are 445. She brings this case in her individual capacity and as Next Friend of K.B. ("KB"), a minor. Kaylynn is KB's mother.

4.       Defendant Marriott International, Inc. ("Marriott"), is a corporation registered to conduct business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. Marriott International, Inc., may be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.       Defendant Marriott Hotel Services, Inc. ("Marriott HS"), is a corporation registered to conduct business Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. Marriott Hotel Services, Inc., may be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.       Defendant Ryman Hospitality Properties, Inc. ("Ryman"), is a corporation that conducts a substantial amount of business in Texas on a continuous and systematic basis. Ryman Hospitality Properties, Inc., may be served with process through the Secretary of State of Texas at Service of Process, Secretary of State, P.O. Box 12079 Austin, Texas 78711, to be forwarded to the Defendant's Delaware based registered agent, Corporation Service Company, at 251 Little Falls Drive Wilmington, Delaware 19808.

7.      Defendant Opryland Hospitality, LLC ("Gaylord"), is a limited liability company registered to conduct business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. Opryland Hospitality, LLC, may be served with process through its registered agent Corporation Service Company, d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      Defendant RHP Property GP, LP ("RHP Property"), is a limited partnership registered to conduct business in Texas. RHP regularly conducts business in Texas and owns the property where the incident underlying this lawsuit occurred. RHP Property GP, LP, can be served with process through its registered agent, Corporation Service Company, d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9.      Defendant RHP Operations GT, LLC ("RHP Operations"), is a limited liability company registered to conduct business in Texas. RHP regularly conducts business in Texas and owns the property where the incident underlying this lawsuit occurred. RHP Property GP, LP, can be served with process through its registered agent, Corporation Service Company, d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

10.     Defendant Charles Pacioni is a natural person and a citizen and resident of Texas. Charles Pacioni can be served with process at his home address at 514 E. Texas St. Grapevine, Texas 76051, or wherever he may be found.

## AMOUNT IN CONTROVERSY

11.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000 for non-economic damages and past and future economic damages some of which can only be ascertained by the date of trial.

## JURISDICTION

12.    This Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

13.    This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of Texas or own the property where the underlying incident occurred, and because Defendants committed torts, which are the subject of this lawsuit, in whole or in part, in Texas.

## VENUE

14.    Venue is proper in this Court pursuant to §15.002(a)(1) of the Texas Civil Practices & Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

15.    This case is not removeable. A citizen of the State of Texas asserts claims against at least one other citizen of Texas. As such, complete diversity does not exist between the parties as required under 28 U.S.C. § 1332. Further, none of the claims at issue arise under or are preempted by either federal statutes or raise substantial questions of federal law. No other possible basis for federal jurisdiction exists. As such, any remove of this case would be in objective and subjective bad faith. 28 U.S.C. § 1447(c) (authorizing the award of attorneys' fees and costs for bad faith removals).

## JURY DEMAND

16.    Plaintiffs hereby demand that this case be set for a trial by jury. The cost for a jury trial is being paid with the filing of Plaintiffs' Original Petition.

## FACTUAL BACKGROUND

17.    On or about July 24, 2020, Austin and Kaylynn Brown and their 19-month-old

daughter KB were guests staying at the Gaylord Texan Resort Hotel and Conference Center ("Gaylord" or "Premises"). Austin, Kaylynn, and KB picked up lunch from one of the Gaylord restaurants and sat to eat at a table in the lobby of the Gaylord. The chair that KB was sitting in collapsed sending KB crashing into the table and then into the ground (the "Collapse" or "Incident").

18.     During the Collapse, KB hit her head on the table and on the ground causing her to suffer a serious head and brain injury.

19.     Defendants owned, managed, controlled, and/or operated the Gaylord at the time of the Collapse. Defendants assumed the duties associated with owning, managing, controlling, and/or operating the Gaylord, including duties to make the Gaylord reasonably safe from foreseeable dangers. Defendants knew or should have known that the chair at issue was in a condition that rendered it dangerous and created an unreasonable risk of harm to guests (like KB).

20.     Austin, Kaylynn, and KB stayed at the Gaylord during the COVID-19 pandemic. In the months before Austin, Kaylynn, and KB's stay, Marriott and Gaylord adopted and promoted the Marriott Commitment to Clean program to encourage people to come stay at their hotels and properties.[1]

21.     Defendants boasted that the health and safety of their guests was of paramount importance to them. As part of the Commitment to Clean program, they promised to deep clean high touch areas in the lobby, like the chair in question here, frequently throughout the day:

---

[1] https://news.marriott.com/news/2020/05/06/an-update-from-our-ceo-marriotts-commitment-to-cleanliness; https://gaylordhotelsclean.marriott.com/.

---

 **Deeper, More Frequent Cleaning**

We have implemented extra-stringent daily cleaning procedures that are focused heavily on high touch areas. In public spaces, Gaylord Hotels has added to its already rigorous cleaning protocols, the requirement that surfaces are treated with hospital-grade disinfectants and that this cleaning is done with increased frequency. Public spaces, including, but not limited to, the lobby, aquatic areas, fitness centers, and meetings and convention spaces are sanitized frequently throughout the day. In guest rooms, we have added detailed cleaning practices, requiring all surfaces to be thoroughly cleaned with hospital-grade disinfectants. Disinfecting wipes are available for guests upon request. [2]

22.     As a result of Defendants' Commitment to Clean, Defendants' agents and employees would have interacted with and should have deep cleaned the chair multiple times each day in the days leading up to the Collapse. As such, Defendants knew or should have known that the chair was in a condition that rendered it unfit for guests, like KB, to safely use. The Commitment to Clean program did alert or should have alerted Defendants' agents and employees to the issues with the chair.

23.     Thus, while Defendants' marketing claims that the safety and health of their guests is of paramount importance, their conduct demonstrates otherwise.

24.     Defendants failed to formulate, implement, train on, and/or enforce policies and procedures, in accordance with applicable safety standards, related to inspecting, maintaining, repairing, or replacing chairs or furniture at the Gaylord that posed an unreasonable risk of harm to the guests. As a result, Defendants breached their duties to KB.

25.     KB suffered a serious head and brain injury as a result of the Collapse and has undergone extensive medical therapy and treatments as a result of the Collapse, which Plaintiffs have paid for. KB continues to suffer from her physical injuries to this day.

---

[2] https://gaylordhotelsclean.marriott.com/

## CLAIMS AGAINST ALL DEFENDANTS

### NEGLIGENCE

26.     Each of the foregoing paragraphs is incorporated herein for all purposes.

27.     Defendants owned, managed, operator, and controlled the Gaylord at the time of the Collapse wherein KB was injured.

28.     As stated herein, Defendants' acts or omission, singularly or in combination with others, constituted negligence in that they breached their duties—assumed or otherwise—to KB Kaylynn, and Austin, their guests at the Gaylord. KB's injuries and Plaintiffs' damages were proximately caused by the negligent conduct of Defendants in the ownership, management, operation, and control of the Gaylord. Defendants knew or should have known of the subject chair at the Gaylord, and at a minimum should have had policies in place to detect and address furniture that was not fit for use. Defendants' negligent acts and/or omissions are generally described herein and include, but are not limited to, the following:

   a.   Failing to provide a reasonably safe premises for guests of the Gaylord;

   b.   Failing to formulate and implement appropriate safety policies to ensure that the premises was reasonably safe, including policies to inspect, maintain, repair, or replace chairs and furniture at the Gaylord;

   c.   Failing to instruct, train, or supervise staff on appropriate safety policies to ensure the premises was reasonably safe, including policies to inspect, maintain, repair, or replace chairs and furniture at the Gaylord;

   d.   Failing to enforce appropriate safety policies to ensure the premises was reasonably safe, including policies to inspect, maintain, repair, or replace chairs and furniture at the Gaylord;

e. Failing to reasonably inspect the chairs and furniture at the Gaylord;

f. Failing to reasonably maintain the chairs and furniture at the Gaylord;

g. Failing to reasonably repair or replace the chairs and furniture at the Gaylord;

h. Failing to reasonably warn guests that the chairs and furniture at the Gaylord were unsafe; and

i. Failing to meet generally accepted industry standards related to chair and furniture inspection, maintenance, repair, and replacement at the Gaylord.

29.     Each of these acts and omissions by Defendants, singularly or in combination with others, constituted negligence which proximately caused the Collapse and KB's injuries and Plaintiffs' damages.

## GROSS NEGLIGENCE

30.     Each of the foregoing paragraphs is incorporated herein for all purposes.

31.     When viewed objectively, Defendants' conduct, acts, and/or omissions as generally described above involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendants had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safety, or welfare of others.

32.     As such, Defendants' conduct rises to the level of gross negligence, such that exemplary damages are warranted and appropriate.

## ACTUAL DAMAGES

33.     Each of the foregoing paragraphs is incorporated herein for all purposes.

34.     The negligent and/or intentional acts and/or omissions of Defendants set forth above were a proximate cause of KB's injuries and Plaintiffs' damages, as follows:

a. KB's past and future physical impairment;

   b.  KB's past and future pain and suffering;

   c.  KB's past and future disfigurement;

   d.  KB's past and future mental anguish;

   e.  KB's past medical expenses paid for by Plaintiffs;

   f.  KB's future medical expenses;

   g.  KB's future lost earnings;

   h.  Pre- and post-judgment interest; and

   i.  Costs of court.

## EXEMPLARY DAMAGES

35.     Each of the foregoing paragraphs is incorporated herein for all purposes.

36.     KB's injuries and Plaintiffs' damages resulted from Defendants' gross negligence which entitles Plaintiffs to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a)(3).

## REQUIRED DISCLOSURES

37.     Plaintiffs hereby demand that Defendants produce documents and make the disclosures, within the timeframe required by TEX. R. CIV. P. 194.1 and 194.2.

## NOTICE

38.     Pursuant to TEX. R. CIV. P. 193. 7, Plaintiffs hereby give notice to Defendants that Plaintiffs intend to use, in any pretrial proceeding and at trial, the documents Defendants produce in discovery.

## PRAYER

Plaintiffs respectfully request that Defendants be cited to answer and appear, and, that upon final trial, Plaintiffs recover damages, as specified above, from Defendants. Plaintiffs further pray

that the Court will award all costs of court, pre-judgment and post-judgment interest at the legal rate, and grant such other and further relief, general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LYONS & SIMMONS, LLP**

**Christopher J. Simmons**
State Bar No. 24058796
csimmons@lyons-simmons.com
**Stephen Higdon**
State Bar No. 24087719
shigdon@lyons-simmons.com
**Michael S. Fechner, Jr.**
Texas Bar No. 24108166
mfechner@lyons-simmons.com
2101 Cedar Springs Road, Suite 1900
Dallas, Texas 75201
Telephone: (214) 665-6900
Facsimile: (214) 665-6950

**ATTORNEYS FOR PLAINTIFFS**